# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN S RAVAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CV420-267 |
| | ) | |
| WARDEN BROOKS | ) | |
| BENTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORTED AND RECOMMENDED**

Before the Court is plaintiff's letter to the Clerk of Court dated October 20, 2020. Doc. 6. The Court construes this letter as a motion for injunctive relief.[1] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (the filings of *pro se* litigants are to be liberally construed); *see also Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a *pro se* litigant's motion to create a better correspondence

---

[1] Such letters are typically not an appropriate mechanism for seeking judicial action. *See* Fed. R. Civ. Pro. 7(b)(1) ("A request for a court order must be made by motion."); *see also In re Unsolicited Letters to Federal Judges*, 120 F.Supp.2d 1073, 1074 (S.D. Ga. 2000) ("Put another way, if a litigant seeks judicial action of any sort . . ., it must be contained within a motion arising from a properly filed lawsuit. It cannot be requested in a personal letter to a judge."). Any future requests by plaintiff must be in the form of a motion, as required by Federal Rule of Civil Procedure 7.

between the substance of the motion and its underlying legal basis."). As the motion does not meet the requirements for requesting interim relief, the motion should be **DENIED**.

Requests for injunctions and restraining orders travel under Federal Rule of Civil Procedure 65. As plaintiff characterizes his need for injunctive relief as immediate, the Court construes the motion to seek a temporary restraining order, which does not require defendant's response to resolve. Fed. R. Civ. P. 65(b)(1). Such requests must be supported by "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The motion must also include a statement certifying that any efforts to provide notice to the opposing party or, in the alternative, why notice should not be required." Fed. R. Civ. P. 65(b)(1)(B). Here the adverse party appears to be Riverbend Correctional Facility, which is not a party to this case. Doc. 6 at 1. As plaintiff's motion does not satisfy the requirements of Rule 65, the Court **RECOMMENDS** that it be **DENIED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and

this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 2nd day of November, 2020.

*[signature]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA