UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |  |
|---|---|---|
| JOHN S RAVAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CV420-267 |
| | ) | |
| WARDEN BROOKS | ) | |
| BENTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are several motions filed by *pro se* prisoner plaintiff John S. Ravan. He asks for a Court-appointed attorney, docs. 19 & 31, for the Court to refer claims to the Department of Justice, doc. 20, for the Court to subpoena records, doc. 29, for the discovery period to open, doc. 35, for permission to amend his Complaint, docs. 16, 31, & 35, and for various forms of injunctive relief, docs. 9, 13, 32. The Court will now address these pending motions in turn.

Ravan has asked the Court to appoint him an attorney. Docs. 19, 31. He states that he is unable to afford counsel, and that his imprisonment, his disabilities, and the COVID-19 pandemic will create difficulties in litigating the issues of this case. Doc. 19 at 1; doc. 31 at 1.

1

While these limitations might create difficulty for him, he has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of

the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel. This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. His request for appointment of counsel is **DENIED**. Docs. 19, 31.

Next, Ravan asks the Court to "bring this matter to the Department of Justice's attention" so that they may investigate it pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"). Doc. 20 at 1. CRIPA vests the Attorney General with discretion to initiate civil lawsuits in certain cases. *See* 42 U.S.C. § 1997a(a). It creates no private right of action, *only* the Attorney General of the United States is authorized to bring actions under CRIPA. *See Udoinyion v. Dekalb County Government*, 2008 WL 113333545 (N.D. Ga. 2008). There is no requirement that the Court refer any matter to the Department of Justice or the Attorney General of the United States for investigation. *See* 42 U.S.C. § 1997a. His motion for the Court to do so is, therefore, **DISMISSED**. Doc. 20. If Ravan would like to report the institution to the Department of Justice, or any other appropriate law enforcement or regulatory agency, for investigation, he is free to do so. The Department

of Justice provides a website for submitting reports of civil rights violations, located at civilrights.justice.gov.

Ravan next asks the Court to subpoena records from the electronic kiosk, records of his grievance complaints, and records of the J-Pay electronic communications center. Doc. 29 at 1. He is not entitled to a subpoena at this time.[1] His Complaint is subject to screening pursuant to 28 U.S.C. §1915A, and issuance of a subpoena prior to that screening process is premature. Discovery has not yet begun. *See* Fed. R. Civ. P. 26(d). "A court supervising prisoner *pro se* cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes." *Keith v. Mayes*, 2010 WL 3339041 at * 2 (S.D. Ga. Aug. 23, 2010). His request for a subpoena is therefore **DENIED.** Doc. 29. For the same reason, his Motion to Open Discovery is **DENIED.** Doc. 35. Should any of his claims survive the screening process—after

---

[1] The Court does not make any finding as to whether Ravan has made a showing sufficient to warrant the issuance of any subpoena, prematurity notwithstanding. *See, e.g., Wilkerson v. Georgia*, 2015 WL 5449144 at *1 (S.D. Ga. September 10, 2015). Ravan's request is also improper because it seeks discovery from the Court, instead of from the parties to this case. *See, e.g.,* Fed. R. Civ. P. 34. Should any of his claims surviving screening, Ravan is advised that he must abide by the Federal Rules of Civil Procedure, the same as all other litigants. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989).

resolution of his requested amendments, discussed further below—the Court will set a schedule for discovery at the appropriate time.

Ravan has also filed multiple motions to amend his Complaint. Docs. 16, 31, 35. Plaintiffs are entitled to amend their complaint once as a matter of course prior to service. Fed. R. Civ. P. 15(a)(1). Since Ravan has not yet amended his Complaint, his requests to do so are **GRANTED**. Docs. 16, 31, 35. The Court will not, however, attempt to piece together his claim from multiple pleadings. He must, therefore, submit an Amended Complaint. His is **DIRECTED** to file an Amended Complaint within 30 days from the date of this Order. The Amended Complaint will supersede and replace the current Complaint and should reassert all claims against all defendants, as well as add any new or additional claims that Ravan wishes to assert. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada,* 647 F. 2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). **Ravan is advised that once the**

**Amended Complaint is filed, the prior pleadings will serve no further function in this case.**

Finally, the Court will address Ravan's various requests for injunctive relief. Docs. 9, 13, 16, 32. First, Ravan moves the Court pursuant to Federal Rule of Civil Procedure 65(b)(1) for a temporary restraining order to have the "U.S. Marshall, Postal Insp., or Postmaster" retrieve documents and deliver his motions and to investigate legal mail obstruction and tampering. Doc. 9 at 1. Requests under Rule 65(b) must be supported by "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The motion must also include a statement certifying that any efforts to provide notice to the opposing party or, in the alternative, why notice should not be required." Fed. R. Civ. P. 65(b)(1)(B). Ravan has failed to do either. *See* doc. 9. Moreover, the U.S. Marshall, the Postal Insp. and the Postmaster are not parties to these proceedings. *See* doc. 1. As Ravan's motion does not satisfy the requirements of Rule 65, it should be **DENIED.** Doc. 9.

Ravan has also moved for a Preliminary Injunction and Temporary Restraining Order to "prevent a manifest of injustice and more injury to Plaintiff because of retaliation, reckless endangerment, and wanton acts." Doc. 13 at 3. He filed a second motion for Preliminary Injunction "to stop more injury or death," noting that it was the second time he had moved for such relief. Doc. 32 at 1. He also included a request for immediate redress in one of his motions to amend, claiming he and many others are kept in imminent danger. Doc. 16 at 2. In his initial motion, he recounts his assault by other inmates that required him to get staples and sutures, an incident where an officer allowed the assaulter back into his dorm, a traffic incident where he was knocked over in his wheelchair while riding in a van, and threats and taunts from other inmates in his prior dorm. Doc. 13 at 1-2. In his second motion, he recounts a mix-up with his eye drops, prior assaults by staff members, a failure on the part of the prison to treat his broken leg, and being deprived of soap, a phone, and toothpaste. Doc. 32 at 1-2. His motion to amend, which includes a request for immediate redress by the Court, he includes similar allegations related to a prior assault and the failure to treat his broken leg. Doc. 16 at 2-3.

In addition to complying with the procedural requirements identified above, to be entitled to a preliminary injunction or a temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." *Horton v. City of Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (quotation omitted).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." *Newman v. Alabama*, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are

reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. *See Procunier v. Martinez*, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] ... courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." *Newman*, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Ravan has not shown he has satisfied the prerequisites to be entitled to injunctive relief at this time. His requests for a temporary restraining order fail procedurally because he has not provided a certification in writing of efforts made to give notice and the reasons why it should be excused. *See* docs. 13, 16, 32; Fed. R. Civ. P. 65(b)(1)(B). Similarly, his requests for a preliminary injunction are procedurally

deficient because he has not shown that he provided notice to the adverse party. *See* docs. 13, 16, 32; Fed. R. Civ. P. 65(a)(1).

Moreover, Ravan's motions fail on the merits as he has not shown that injunctive relief is necessary to prevent irreparable injury, he has offered only speculation of future harm. Preliminary injunctions are a form of prospective relief: "a preliminary injunction is completely at odds with a sanction for past conduct that may be addressed by adequate remedies at law." *Alabama v. U.S. Army Corps of Eng'g*, 424 F.3d 1117, 1133 (11th Cir. 2005). Ravan's motions for an injunction and temporary restraining order concern past incidents in prison. He claims he is in fear of his life from the staff at the prison. Doc. 32 at 2; *see also* doc. 16 at 4. Without more, this is insufficient. In order to satisfy the irreparable injury requirement, he must show that the threat of injury is "neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir.1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir.1989)); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir.1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate—as

opposed to a merely conjectural or hypothetical—threat of *future* injury."). His motions should, therefore, be **DENIED.** Docs. 13, 16 (in part), 32.

In summary, Ravan's requests for court-appointed counsel are **DENIED**. Docs. 19 & 31 (in part). His discovery-related motions are also **DENIED** as premature, pending submission and screening of his Amended Complaint. Docs. 29 & 35 (in part). His request that the Court refer his allegations to the Department of Justice is **DISMISSED** as moot. Doc. 20. His motions to amend his Complaint are **GRANTED**. Docs. 16, 31 & 35 (all in part). He must file his Amended Complaint within thirty days of the date of this Order. The Clerk is **DIRECTED** to enclose a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) with the service copy of this Order and Report and Recommendation for Ravan's convenience. Finally, Ravan's several requests for preliminary injunctive relief should be **DENIED**. Docs. 9, 13, 16 (in part) & 32.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may

file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 2nd day of September, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA